RIVAS
*vs.*
GILL.

*RIVAS vs. GILL.*

A suit, by a creditor to avoid a sale or fraud of his rights by his debtor, is prescribed by one year.

APPEAL from the third district, the judge of the 8th presiding.

MATHEWS J. delivered the opinion of the court. This suit is brought to avoid a contract, by which certain property was sold and transferred from Joseph Gill and his wife, to the defendant.

The plaintiff alleges himself to be a creditor by judgment, of the vendors, and that the sale is feigned, simulated and fraudulent, &c. The defendant pleaded the general issue and prescription to the action. The cause was submitted to a jury who found a verdict for the plaintiff, and judgment being rendered thereon, the defendant appealed.

The species of action resorted to in the present instance, is that which is ordained by the La. Code, for the avoidance of contracts by persons not parties to them: *see p.* 640, *sec.* 7. The art. 1965 declares, that " the law gives to every creditor, where there is no cession of goods, as well as to the representatives of all the creditors, when there is any such cession, or other proceeding, by which they are collectively represented, an action

to annul any contract made in fraud of their rights." As simulated acts of sale, by which a debtor intends to place his property out of his creditors, is clearly a contract made in fraud of their rights; and on the establishment of facts, showing the simulation and fraud, ought to be declared null and void; provided the suit to set it aside, be brought within the time prescribed by law. The action given by this section, is limited to one year; if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor; if brought by syndics, or other representatives of the creditors, collectively, to be counted from the day of their appointment. *See art.* 1989.

The sale, sought to be avoided by the present suit, was made under private signature; but the act was afterward regularly recorded in the office of a notary public, and the property conveyed by it, had been previously delivered to the vendee, and all these proceedings more than one year before the plaintiff had obtained judgment against the vendors, and before the institution of this action, which was therefore fraud by the express provisions of the law, which gave it to the individual creditor. By invoking the aid of the

Eastern District. court, to avoid the contract, which stands in
*March,* 1830.
his way in the execution of his judgment,

RIVAS
*vs.*
GILL.
the creditor seems to us to have subjected
himself to all the disabilities and restrictions
created by the law which gave him the right
of action.

It is therefore ordered, &c. that the judgment of the district court be avoided reversed and annulled; & that judgment be now entered for the defendant with costs in both courts.

*Watts* for appellant, *Conrad* for appellee.